The only evidence presented was that of the plaintiff's salesman, Klaus. As he sensed the questions of law raised by the defendant in the course of his testimony, he changed his story, from time to time, to meet the legal obstacles which he seemed to feel might defeat his cause.
He was, therefore, not very convincing.
The Court believes that these are the facts:
The plaintiff's salesman had done business with Tager for a number of years, first as an officer of the predecessor of the defendant corporation, and later as an officer of the defendant corporation. He, therefore, knew that Tager had authority to act for the defendant. On April 20, 1933, he came to the defendant's restaurant and was informed by Tager that The Epicure Delicatessen Company had opened *Page 282 
a store on Farmington Avenue and desired to purchase merchandise. Tager was also connected with the new store and was apparently the person authorized by the new enterprise to make purchases. Some of the officers and directors of the defendant corporation were also officers and directors of the new corporation, but some of the officers and directors of the new corporation were in no way connected with the defendant corporation. The order was given by Tager to Klaus and is in evidence as Plaintiff's Exhibit A. Klaus was told to ship and charge the goods to Epicure Delicatessen, 772 Farmington Avenue. Upon completing the writing of the order, Klaus informed Tager that it was the rule of his firm that an order taken from a new concern must be accompanied by a 50 per cent cash payment. Tager informed Klaus that the new concern could not pay 50 per cent in cash, and, after some discussion between them, it was agreed that the goods be charged to the defendant but shipped to Epicure.
Under the circumstances the Court cannot see any liability upon the defendant. The plaintiff's salesman was put on notice that the goods were being ordered for another concern and that the defendant would, in no way, benefit from the transaction. The fact that Tager may have been the authorized purchasing agent of both firms does not give him the right to purchase for one on the credit of the other. This would be an improper and illegal use of his authority and not binding on the defendant, especially in the instant case where the circumstances were made known to Klaus.
 The issues are found and judgment may be entered for the defendant to recover its costs.